## Brown, Adm'r, *v.* Thompson, Appellant.

*Release of lien—Administrator of guardian—Notice—Record.*

The administrator of a guardian who has entered up a judgment bond given to the guardian, as guardian, has no authority subsequently to release the lien of the judgment in derogation of the interests of the wards. In such a case the record is sufficient notice of the want of authority to release the lien.

Harner's Ap., 94 Pa. 489, explained.

Argued April 26, 1893. Appeal, No. 83, July T., 1892, by defendant, Jennie E. Thompson, from order of C. P. Cumber-

land Co., Feb. T., 1889, No. 38, making absolute rule to strike off release of lien by plaintiff, J. B. Brown, administrator of Thomas Sharp, guardian. Before WILLIAMS, McCOLLUM, MITCHELL, DEAN and THOMPSON, JJ.

Rule to strike off release of lien.

From the record and proofs it appeared that Matthew Thompson, by his will, appointed Thomas Sharp guardian of his grandchildren Blanche and Joseph Kelso. To secure payment of the legacies to the minor children, the guardian took a judgment bond in his own name as guardian from Thomas J. Gill and Jennie E. Thompson. The bond was not entered up during the guardian's lifetime. Upon his death, J. B. Brown was appointed his administrator. Brown then entered up the bond in his own name as administrator of Thomas Sharp. On Dec. 1, 1888, a paper purporting to be a release of the lien of the judgment from the land of Jennie E. Thompson was filed of record, signed by " J. B. Brown administrator of Thomas Sharp, deceased." On June 1, 1891, D. D. G. Duncan was appointed trustee of the minors' interests.

Defendant's answer was as follows:

" That she and Thomas J. Gill were the owners in common of a farm in Mifflin township containing 278 acres and 140 perches, which farm was purchased from, and conveyed to them in fee simple by Wm. M. Scouller, executor of Matthew Thompson, dec'd, by deed dated Nov. 25, 1882, for the consideration of $14,152. That on the 2d day of April, 1883, she and the said Gill gave their judgment bond to Thomas Sharp, guardian of the minor children of Wm. Kelso, viz., Blanche Kelso and Joseph Kelso. That judgment was not entered upon the said bond until Nov. 23, 1888. That long before said judgment was entered, and shortly after the said bond became due, the obligors in said bond offered to pay the full amount due thereon to the said Sharp, guardian, but he refused to take the same, and it was not until after his death that judgment was entered, and then it was caused to be done by his administrator. That on December 1, 1888, she and Gill made partition between themselves of the said farm, she taking 143 acres and 90 perches and he 135 acres and 50 perches, each in severalty. That the price at which she took her portion was $5,576, and that at

which Gill took his was $8,576. That previous to that date there had been several liens against the said farm held by them in common, but at the time of the partition and in an adjustment of the said liens, the said J. B. Brown, administrator of Sharp, the plaintiff in the judgment in question, and the same person, and in the same capacity in which he had caused the judgment to be entered, voluntarily, by writing filed (which is made a part of this answer) released the lien of the judgment from the said tract of 143 acres and 90 perches owned by her.

"Further, that the debt represented by the said judgment is the debt of Thomas J. Gill and not of your respondent. That if due vigilance had been exercised by the said Sharp during his lifetime or by the said Brown, his administrator after his death, the money due upon said bond could have been realized from the said Gill.

"That there is nothing contained in the will of the said Matthew Thompson making the legacy to Blanche and Joseph T. Kelso a charge upon the real estate owned by your respondent.

"Representing, therefore, as above, your respondent begs that the rule in this case may be discharged."

The court made the rule absolute in the following opinion, by SADLER, P. J.:

"It is unnecessary to enter into any discussion for the purpose of showing that Mr. Brown had no authority to release the land of Jennie E. Thompson from the lien of the judgment. It was proper for him to have it entered but he had no power over it. He was not the successor of Thomas Sharp as guardian or trustee of Blanche and Joseph Kelso. The fact that his attorney directed the prothonotary to substitute him in place of Thomas Sharp or that the prothonotary made such an entry is not material. And now, Dec. 9, 1891, rule granted in this case is made absolute."

*Error assigned* was above order, quoting opinion.

*Edward B. Watts* and *M. C. Herman*, for appellant, cited: Harner's Ap., 94 Pa. 489.

*H. S. Stuart, Robert McCachran* and *J. W. Wetzel* with him, for appellee, cited: Act of April 22, 1846, P. L. 483.

OPINION BY MR. JUSTICE MITCHELL, July 19, 1893:

The appellant is one of the obligors in the bond, and though she says in her petition that the debt was Gill's and not hers, yet the facts are so meagrely stated, that we do not know whether she was one of the borrowers of the money or merely a surety, or whether she gave any consideration for the release or not. It does not affirmatively appear therefore that she is entitled to relief on the merits, and technically the case is clearly against her. Judgment was entered on the bond by Brown as administrator of the obligee. In strictness, the bond being given to Sharp as guardian, eo nomine, his administrator had no title to meddle with it, but as his action in entering judgment upon it was in furtherance of the guardian's duty, and for the protection of the cestuis que trust, it is valid and must be sustained in equity. But when his action went beyond this, and assumed to release the lien of the judgment, in derogation of the interests of the cestuis que trust, it took a very different aspect. There was a patent defect of authority to release, of which all parties dealing with it were bound to take notice. It is not material that the same person was plaintiff and releasor, for the record showed the right in which the judgment was entered, upon a bond to Sharp as guardian, and was notice that plaintiff was not the successor of Sharp in that trust. In this respect the case differs entirely from Harner's Appeal, 94 Pa. 489, for there the satisfaction was entered regularly on the record by one who prima facie had authority to do it, and all that this court decided was that one who loaned money on the faith of the satisfaction, was entitled to rely on the record, and was not bound to inquire about secret equities of which he had no knowledge. Here the equity of the cestuis que trust was patent on the face of the record, and all persons were bound to take notice of the want of authority to release it.

Judgment affirmed.